UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BART BRYANT, et al.,

                      Plaintiffs,           **ORDER**

         -against-                 CV 05-5565 (JBW)(ARL)

ALLIED ACCOUNT SERVICES, INC., et al.,

                      Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      By letter application dated September 2, 2006, plaintiffs move to compel the corporate
defendant to permit a Rule 34 inspection of its premises and to compel all of the defendants to
produce their tax returns for the last three years. Defendants oppose the application by letter
dated September 6, 2006. For the reasons that follow, the application is denied.

      This is an action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C.
§ 1692 *et seq.* The plaintiffs allege that the defendants repeatedly called the plaintiffs' home
telephone number and made harassing and threatening statements in an effort to collect an
alleged debt owed by the plaintiffs' nineteen-year-old daughter. Plaintiffs seek an inspection of
the collection call center pursuant to Federal Rule of Civil Procedure 34 so they can "better
understand the defendant debt collectors' actual collection dynamics, methods, and techniques;
as well as to help determine the degree of managerial oversight." Plaintiffs asserts that only a
physical inspection will permit them to discover whether other employees could have overheard
the phone conversations alleged to have occurred in this case. Defendants object to the
inspection, arguing that an inspection will disrupt its business operations and will aid the
plaintiffs in learning only how the debt collector's seats are arranged on the collection floor.

      The threshold requirement of discoverability is whether the information sought is
"relevant to the subject matter involved in the action. . . ." Fed. R. Civ. P. 26 (b)(1). The Federal
Rules recognize, however, that discovery may be limited when the benefits to be obtained are
outweighed by the burdens involved taking into account, among other things, the needs of the
case and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26
(b)(2). Thus, "[a] court should limit a party's discovery if it determines that (i) the discovery
sought is unreasonably cumulative or duplicative or is obtainable from some other source that is
more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had
ample opportunity by discovery in the action to obtain the information sought; or (iii) burden or
expense of the proposed discovery outweighs its likely benefit. . . ." Johnson v. Bryco Arms, 226
F.R.D. 441, 444-45 (E.D.N.Y. 2005) (citing Fed. R. Civ. P. 26(b)(2)). Applying these standards,
the court finds that the issues identified by plaintiffs may be discovered through other discovery
devices that are less disruptive to defendant's business. Niks v. Marinette Paper Co., 11 F.R.D.
384, 385-86 (N.D.N.Y. 1951) (denying application to permit physical inspection of defendant's

premises where information sought by the plaintiff could "be satisfactorily obtained elsewhere."). The deposition of one or more of defendant's employees will disclose the whereabouts of employees, the layout of the office, the degree of managerial oversight, and what they may have overheard. Thus, the application to inspect the defendant's premises is denied.

The court next addresses the plaintiffs' application to compel the production of the defendants' tax returns for the last three years. Plaintiffs claim that the tax returns are relevant to their claims for punitive damages. Defendants assert that this discovery is premature in that there has been no finding of liability against the defendants.

While it is well-settled that "tax returns in the possession of the tax payer are not immune to civil discovery," courts are cautious in ordering their production and have ordered such disclosure only upon satisfaction of a two-prong test: (1) relevance and (2) compelling need because the information is not otherwise readily available. See, e.g., St. Regis Paper Co. v. United States, 368 U.S. 208, 218-19, 82 S. Ct. 289, 295, 96 (1961); Hamm v. Potamkin, No. 98 Civ. 7425 (RWS), 1999 WL 249721 at *2 (S.D.N.Y. April 28, 1995) (citing SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985 (additional citations omitted)). Because a court "may take a defendant's financial circumstances, wealth, or net worth into consideration when determining the exemplary damages to be awarded against that defendant," defendants' financial information is relevant to plaintiffs' claims for punitive damages. See Hazeldine v. Beverage Media, Ltd., No. 94 Civ. 3466, 1997 WL 362229 at *3 (S.D.N.Y. June 27, 1997).

The parties agree that the defendants' financial information is relevant to the issue of punitive damages. However, the second prong of this test has not been satisfied. Here, the information sought is otherwise readily available in that plaintiffs may make inquiry during the depositions of these defendants as to this information. This deposition testimony should suffice to provide a general picture of defendants' financial status which is all that is required. Hazeldine v. Beverage Media, Ltd., 1997 WL 362229(S.D.N.Y. 1997), Open Housing Center, Inc. v. Kings Highway Realty, No. 93-766 (JBW), 1993 U.S.Dist. LEXIS 15927, *3 (Nov. 8, 1993); Cooper v. Hallgarten & Co., 34 F.R.D. 482, 484 (S.D.N.Y. 1964) (granting plaintiff's motion for a protective order as to the production of his income tax returns finding that defendant did not establish a "compelling need" where the information sought could be learned from other sources such as other financial records and the plaintiff's deposition). Alternatively, defendants can swear to an affidavit declaring their respective net worth. See, e.g., Collens v. City of New York, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) (ordering defendant to swear to an affidavit stating her net worth as a more efficient and less intrusive means for obtaining her financial information where there had not yet been a determination of liability and the information was relevant only to the issue of punitive damages). Thus, in light of the foregoing, the plaintiffs' application is denied.

Dated:  Central Islip, New York
       September 13, 2006

**SO ORDERED:**

/s/

_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge